**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JAMES NEELY**                                                        **PLAINTIFF**

**V.**                                  **NO: 4:15CV00708 BRW/PSH**

**CHARLES HOLLADAY and
CARL JOHNSON**                                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States

District Judge Billy Roy Wilson.   You may file written objections to all or part of this

Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or

legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.  By not objecting, you may waive the right to appeal questions of

fact.

### DISPOSITION

#### I.  Relevant facts

Plaintiff James Neely ("Neely"), formerly held in the custody of the Pulaski County

Detention Facility ("PCDF"), filed a *pro se* civil rights complaint on November 16, 2015, naming

PCDF as the sole defendant.  Neely subsequently amended the complaint, adding Sheriff Charles

Holladay ("Holladay") and Dr. Carl Johnson ("Johnson") as defendants.  Docket entry no. 9.  In both

the original complaint and the amended complaint, Neely specified that he was suing the defendants

in their "official capacity only."  Docket entry no. 2, page 2, and docket entry no. 9, page 3.

1

According to Neely's complaint and amended complaint, he was transported from St. Vincent's Infirmary in Little Rock to PCDF. He alleges he blacked out upon arrival at PCDF and came to when guards were showering him. Although he claims he was not resisting the guards, they allegedly yanked his arm behind his back, and he again blacked out. Neely states he awoke in a cell without the ability to stand and wearing a "trauma bracelet." Complaint, page 4. He asserts he was left in the cell for a few days before being moved in a wheelchair to another cell. According to the complaint, he then sought medical attention at the PCDF infirmary. He was not seen for 5-7 days, according to Neely, and when seen he still could not stand. The examining doctor (no name for the physician is given) indicated nothing was wrong with his back, but that x-rays would be taken of Neely's knee. After being taken back to his cell, a guard had Neely taken to UAMS, where the examining doctor (again, no name is provided) diagnosed Neely with a fractured back. Neely contends the PCDF guards caused the fractured back.

Holladay has filed a motion for summary judgment on the issue of exhaustion, supported by an accompanying brief and a statement of facts. See docket entry nos. 35-37. Johnson filed a motion to adopt Holladay's motion, brief, and statement of facts. Docket entry no. 39. Neely was notified of the opportunity to respond and he did so. See docket entry nos. 40 & 41. For the reasons stated herein, the Court recommends that the motion for summary judgment on the issue of exhaustion be granted, Johnson's motion to adopt the motion for summary judgment be granted, and the complaint be dismissed without prejudice.[1]

---

[1]On March 2, 2017, Holladay filed a motion for summary judgment on the merits of the case. Docket entry nos. 46-48. Because the Court finds that the plaintiff has failed to exhaust his administrative remedies, it does not reach the merits of the case, and recommends that all pending motions be denied as moot.

## II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. "The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and

whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.* at 923-924.

In support of their claim that Neely failed to exhaust his administrative remedies, defendants rely on the affidavit of Nancy Brawley, the Administrative Sergeant and Grievance Officer at PCDF. Docket entry no. 36-2. Brawley attaches to her affidavit the PCDF grievance procedures in place during the time relevant to this lawsuit. *Id.* She states that PCDF policy entitles all inmates to invoke the grievance procedure; that when she receives a grievance form, she writes the date of receipt on the document; and that she forwards grievable grievances to the appropriate authority for investigation. *Id.*, pages 1-2. Brawley further states that general population inmates can access grievance forms on break, and such forms are available at the deputy station. In units T and U, used for administrative segregation, inmates are required to request grievance forms from PCDF staff, and the forms are delivered to the inmate's cell. Grievance forms are available to inmates during all three work shifts. *Id.*, page 2.

Brawley's affidavit establishes that Neely was housed in Unit T, administrative segregation, between July 1 and July 6, 2015. He was housed in Unit D, in general population, between July 6 and July 10, 2015. From July 10 until his release on July 15, 2015, Neely was housed in Unit P, also a general population unit. Thus, according to Brawley's affidavit, grievance forms would have been

available to Neely at the deputy station during all three shifts at the PCDF for 10 days of his incarceration there. Also, while housed in administrative segregation for the first 5 days of his incarceration at PCDF, Neely could have requested a grievance form from PCDF staff, and one would have been delivered to him. *Id.*, page 3. Finally, Brawley avers that Neely did not file any grievances during his 15 day incarceration at PCDF. *Id.*

Neely's response to the motion for summary judgment does not create any genuine issues of material fact. There is no dispute that Neely did not file any grievances related to his claims in this matter. He claims in his complaint and in his response to the motion for summary judgment that he did not do so because he was never provided grievance forms despite repeated requests.[2] Neely also states he received no intake literature on the grievance procedure, and he further notes that he was incoherent upon arrival at PCDF. Docket entry no. 40, page 3.

The Court recognizes that the Eighth Circuit has excused the exhaustion requirement when prison officials have prevented inmates from utilizing the grievance procedures or when officials have failed to comply with such procedures. *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001). However, in the face of sworn affidavit testimony relating to availability of grievance forms, Neely has only offered unsupported, self-serving allegations suggesting he was prevented from grieving. To avoid summary judgment, the nonmoving party must do more than submit unsupported self-serving allegations. Rather, he must provide sufficient probative evidence that would permit a finding in his favor. *See, e.g., Conolly v. Clark*, 457 F.3d 872 (8th Cir. 2006); *Davidson & Assocs. v. Jung*, 422 F.3d 630 (8th Cir. 2005);

---

[2]In his complaint, Neely states, "I repeatedly asked for grievances was never presented w/one so I wrote numerous medical request guards kept telling me they didn't have any." Complaint, page 4.

*Wilson v. Int'l Bus. Mach. Corp.*, 62 F.3d 237 (8th Cir. 1995). Neely has simply not submitted sufficient probative evidence in response to the motion for summary judgment to establish the existence of a fact question regarding the exhaustion of his available administrative remedies. Thus, the Court recommends the defendants' motion for summary judgment for failure to exhaust be granted.

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendant Johnson's motion to adopt motion for summary judgment, brief, and statement of facts (docket entry no. 39) be granted;

2.      The motion for summary judgment on exhaustion (docket entry no. 35) be granted and Neely's complaint be dismissed without prejudice;

3.      All remaining pending motions be denied as moot; and

4.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 27th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE